```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

--------------------------------X

UNITED STATES OF AMERICA,

      V.                                   Criminal No. 3:00 CR 217 (EEB)

TRIUMPH CAPITAL GROUP, INC.,
FREDERICK W. McCARTHY,
CHARLES B. SPADONI, LISA A.        October 17, 2005
THEISFIELD and BEN F. ANDREWS,

        Defendants.

--------------------------------X

**MEMORANDUM IN RESPONSE TO THE GOVERNMENT'S
MOTION FOR PARTIAL RECONSIDERATION
OF THE COURT'S DECISION GRANTING A
<u>JUDGMENT OF ACQUITTAL ON THE RICO COUNTS</u>**

        This Memorandum is submitted in opposition to the Government's motion to reargue the Court's decision dismissing the RICO counts against Mr. Spadoni. The Court's decision in this respect was proper, and the Court should deny the motion.

<u>Argument</u>

        The Government claims that the evidence satisfied the "continuity" requirements of RICO notwithstanding the fact that Mr. Spadoni was convicted of a single alleged bribe of a lame duck public official made less than two months before the official left office. The alleged illicit understanding between Silvester and Triumph had to have been reached after the November 1998 election, and the investment contract which Triumph allegedly hoped to achieve from the bribe or gratuity, was in fact awarded before

Silvester left office in January 1999. Even if the obstruction of justice charges which the Court held were complete no later than April 2000 (Opinion, p. 25)[1]. Thus, the period of the RICO conspiracy was no longer than 17 months, and the Court properly concluded that this period was insufficient to show close-ended continuity.

The Government seeks in its motion to extend the period of RICO activities by including the so-called "campaign contribution" bribe allegations which the jury found were not proven. These claims failed both as a matter of law and as a matter of fact. There simply was no evidence sufficient to suggest a bribe or gratuity, especially given the heightened requirement of proof for such a claim.

The Government also seeks to extend the RICO period by pointing out that Theisfield -- but not Silvester -- received money from Triumph after Silvester left office. The payments to Theisfield, however, were not independent crimes and, as a matter of law could not constitute "racketeering activity." 18 U.S.C. §1961 defines racketeering activity as activity which constitutes one of a number of specified crimes. In the Indictment, the Government claims that the bribery racketeering activity consisted of violation of Conn. Gen. State §53a-148 (Bribe receiving by a

---

[1] There is no evidence of any alleged obstructive activity by Mr. Spadoni after December 1999.

public official) and 53a-147 (Bribery of a public official). Applying the plain language of these statutes, there can be no violation unless the payment involves payment of a "public official" -- which Mr. Silvester ceased to be in January 1999.

That Triumph paid Lisa Theisfield money after Silvester left office -- pursuant to her consulting contract -- did not further the alleged bribe in any way. There was no evidence at trial that Mr. Silvester ever received any of the money paid to Theisfield. Mr. Silvester testified that Spadoni was unaware of an agreement, if there was any, between him and Theisfield (or even Stack) to share in the consulting fees. Nor was Silvester in a position after January 1999 to have helped Triumph as a public official.

Additionally, the evidence is clear that as of June 1999, Silvester was a government cooperator and, by definition, had withdrawn from any conspiracy.

In short, the crime, if any, committed by Triumph and Spadoni was complete before Silvester left office, when the defendants allegedly agreed to pay a bribe or gratuity to Silvester, and Silvester invested $200 million with Triumph.

The Government also strains to claim that an abortive discussion between Triumph and Silvester pursuant to which Park Strategies, Silvester's employer, was to receive some type of consulting fee from Triumph further extended the RICO period.

3

First, Mr. Silvester never testified that there was anything wrong with the proposed consulting agreement with Park Strategies. His testimony made it clear that it was **not** part of the alleged bribe. Second, any such discussions occurred in early 1999 and were over by the time the grand jury subpoenas were served in the spring of 1999. Even if these discussions could be viewed as criminal, they did not extend the RICO period.

<u>Conclusion</u>

The Government's motion for reconsideration should be denied.

Dated:   New York, New York
         October 17, 2005

                                        Respectfully submitted,

                                        Litman, Asche & Gioiella, LLP
                                        Attorneys for Defendant
                                          Charles B. Spadoni


                                        By:_____
                                            Richard M. Asche (CT-12687)

                                        45 Broadway - 30th Floor
                                        New York, New York 10006
                                        (212) 809-4500

Richard M. Asche, Esq.
Russell M. Gioiella, Esq.
Of Counsel