```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,     :
          Plaintiff           :
                              :
     v.                       :    NO. 3:00CR217(EBB)
                              :
CHARLES SPADONI,              :
          Defendant.          :
```

### RULING ON UNITED STATES' MOTION FOR PARTIAL RECONSIDERATION OF RULING ON DEFENDANT SPADONI'S MOTION FOR JUDGMENT OF ACQUITTAL AND FOR A NEW TRIAL

Background

Pursuant to Fed. R. Crim. P. 29(a) Defendant Charles Spadoni ("Spadoni") moved for judgment of acquittal on all counts of the Superseding Indictment ("Indictment") at the close of evidence at trial. [Doc. No. 681]  The Government filed a response and the Court heard oral argument on the motion. [Doc. No. 684; Tr. Vol. 14].  After the hearing on the Motion, the Court reserved decision and submitted the case to the jury.  The jury unanimously found Spadoni guilty as to Count One, charging violations of the RICO statute, and Count Two, charging RICO conspiracy, as well as Counts Nineteen, charging bribery concerning programs receiving federal funds, Twenty through Twenty-three, charging wire fraud/theft of honest services, and Twenty-four, obstruction of justice. Following the jury's verdict, Defendant Spadoni and Triumph Capital filed a joint Motion for New Trial [Doc. No. 716] pursuant to Fed. R. Crim. P. 33.  This Court issued its ruling on the motion for judgment of acquittal and new trial on September 30, 2005, granting

Spadoni a judgment of acquittal as to Counts One and Two, denying the motion as to the remainder of the counts, and denying Spadoni's motion for new trial. [Doc. No. 943]  Spadoni's motion for a new trial alleging violations of Brady v. Maryland, 373 U.S. 53 (1963) and Giglio v. United States, 405 U.S. 150 (1972), was also denied.  See Doc. No. 961.

The United States has filed a Motion for Partial Reconsideration of the Ruling on Defendant Spadoni's Motion for Judgment of Acquittal and for a New Trial [Doc. No. 946].  This Court now grants that reconsideration.  Furthermore, having now reconsidered the evidence, for the reasons set forth below, this Court amends its Ruling [Doc. No. 943] and reinstates the jury's verdict of guilty with respect to Counts One and Two (RICO).

Discussion

In the Ruling on Defendant's motion for judgment of acquittal this Court noted in error, after a review of the trial transcripts, that no evidence was presented that Lisa Thiesfield received payment under the Triumph contract after July 1999.  See Ruling at 23-25.  This Court has received for review Government's Exhibit 301, a series of bank account statements for Lisa Thiesfield with copies of checks paid to Thiesfield from Triumph Capital Group, Inc., and Government Exhibit 332, a summary chart showing total payments to Thiesfield, Andrews and Stack.  Government Exhibit 301 shows payments from Triumph Capital Group, Inc. under Thiesfield's

three-year consulting contract and deposits by Thiesfield on January 14, 2000 (check dated January 13, 2000); June 26, 2000 (check dated June 22, 2000); January 11, 2001 (check dated January 10, 2001); July 26, 2001 (check dated July 25, 2001); and December 14, 2001 (final check under the contract dated December 10, 2001). In addition, Exhibit 332 shows the flow of funds about which Special Agent McTague testified, including a flow of funds to Thiesfield totaling $1,126,002 from June of 1998 to December of 2001. See Tr. Vol. 11 at 205-06.

This evidence of payments to Thiesfield under the consulting contract through December of 2001 sufficiently supports a finding of both an open-ended and a closed-ended pattern of racketeering activity. The bribery scheme, although "inherently terminable" once Silvester left office in January of 1999, see First Capital Asset Management v. Satinwood, Inc., 385 F.3d 159, 180 (2d Cir. 2004), in fact did not come to its conclusion until the last payment was made to Thiesfield under the consultant contract in December of 2001, almost 3 years after Silvester left office. Thus, open-ended continuity was established because a threat of continued criminal activity existed beyond the period during which the predicate acts of bribery and obstruction of justice were performed. Id.

In this Circuit, a closed-ended pattern of racketeering activity must extend over a "substantial period of time," and the

3

Second Circuit "has never found a closed-ended pattern where the predicate acts spanned fewer than two years." Id. at 181. The evidence shows that the "deal" between Silvester and Spadoni/Triumph to "work something out" with Stack and Thiesfield after Silvester left office was struck some time in early November, 1998. Spadoni's obstructive acts with respect to his computer continued through April of 2000, and the payments to Thiesfield under the consultant contract with Triumph continued through 2000 and 2001, with the final check from Triumph issued to Thiesfield on December 10, 2001, approximately three years and one month after the "deal" was struck. Thus, a closed-ended pattern of racketeering activity extending over a "substantial period of time" was established. Consequently, having reviewed all the evidence, the relief requested in the motion to reconsider is granted, and this Court upholds the jury's verdict on all counts. This Court amends its Ruling [Doc. No. 943], reinstating the jury's verdict of guilty with respect to Counts One and Two (RICO) and denying Defendant's Motion for Judgment of Acquittal.

                                      SO ORDERED.

                                      _____
                                      ELLEN BREE BURNS, SENIOR JUDGE
                                      UNITED STATES DISTRICT COURT

    Dated at New Haven, CT, this ____ day of September, 2006.